UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES STEWART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14-CV-1666-JAR ) |
| WALLIS COMPANIES, et. al, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis. Upon review of the financial affidavit, the Court has determined that Plaintiff is unable to pay the filing fee and will grant the motion. 28 U.S.C. § 1915. However, the Court will dismiss the case under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton, 504 U.S. at 32–33; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1985, alleging that Defendants engaged in a conspiracy to interfere with his civil rights. Plaintiff asserts that he is disabled and alleges that he was made to "prepay" at an On the Run gas station—presumably for gasoline—twice in the last five years. Plaintiff asserts that his disability makes prepaying "painful and difficult." He does not identify his disability. Plaintiff further asserts that, in response to his complaints, "the company" apologized and sent him $100 gift cards.

Plaintiff alleges that on September 24, 2014, he attempted to purchase a lottery ticket, but two managers, "Todd and Christopher," told him that he would have to wait because it was the noon rush and lottery tickets were not a priority. According to Plaintiff, the managers told him that this was store policy and that he could purchase lottery tickets elsewhere if he did not like it. Plaintiff asserts that he has had to wait to buy lottery tickets in the past, but that during the September 24 incident it became apparent to him that he was being discriminated against based on his disability and in retaliation for his complaints against the company.

**Discussion**

Title 42 U.S.C. § 1985 grants a civil cause of action for damages caused by various types of conspiracies aimed at injuring a person in his/her person or property, or denying him/her a Federal right or privilege. At best, Plaintiff attempts to assert a cause of action under §1985(3) for conspiracy to deprive a person of rights and privileges. To show a civil rights conspiracy under §1985(3), Plaintiff must prove: (1) Defendants conspired, (2) with the intent to deprive

him, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that he or his property was injured, or he was deprived of exercising any right or privilege of a citizen of the United States. See Barstad v. Murray County, 420 F.3d 880, 887 (8th Cir. 2005); Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996). A claim under §1985(3) requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). The list of rights to which § 1985 applies is reserved to claims involving racial or class-based invidiously discriminatory animus. Id.

Plaintiff has failed to state a § 1985 claim against Defendants because he has not alleged that any of the individual Defendants formed any specific agreement to take any specific action in violation of any of Plaintiff's rights. To the contrary, Plaintiff asserts that "despite the apologies by the company, nothing truly has been done to stop this." This allegation falls well short of establishing an agreement among named Defendants to conspire to deprive Plaintiff of his civil rights. Plaintiff's conclusory allegations are insufficient to support a conspiracy claim. Accordingly, the Court will dismiss this action.

Further, Plaintiff's request for appointment of counsel will be denied, without prejudice, as the Court does not believe that the factual and legal issues involved in this action are complex, and Plaintiff has failed to state a claim for relief. See, e.g., Johnson v. Williams, 788 F.2d 1319, 1322–23 (8th Cir. 1986); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

Lastly, because Plaintiff has failed to state a claim for conspiracy under § 1985, the Court will deny Plaintiff's motion to expedite as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite [ECF No. 4] is **DENIED**.

A separate Order of Dismissal will be filed forthwith.

Dated this 17th day of October, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE